IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2025

## ROBERT LEROY LITTLETON, III v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Johnson County**
No. 25-CR-58     Lisa Rice, Judge

_____

### No. E2025-00687-CCA-R3-PC

_____

The Petitioner, Robert Leroy Littleton, III, appeals from the post-conviction court's summary dismissal of his petition for post-conviction relief on the basis that it was untimely filed. Primarily, he argues that his petition was timely because it was filed during the "grace period" within which he had the opportunity to seek a writ of certiorari with the United States Supreme Court. He also alleges tolling exceptions to the limitations period based upon (1) his actual innocence and (2) attorney misconduct. After review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which TOM GREENHOLTZ and STEVEN W. SWORD, JJ., joined.

Robert Leroy Littleton, III, Henning, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Park Huff, Assistant Attorney General; and Steven R. Finney, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. FACTUAL AND PROCEDURAL HISTORY

Following a jury trial in July 2021, the Petitioner was convicted of numerous offenses related to the 2018 disappearance of the victim in the underlying case, and he received an effective sentence of life imprisonment plus twenty years. *See State v. Littleton*, No. E2022-00858-CCA-R3-CD, 2023 WL 8542597, at *1-2 (Tenn. Crim. App. Dec. 11, 2023), *no perm. app. filed*. On direct appeal, the Petitioner raised only one issue,

which concerned the denial of his pretrial suppression motion, but the appeal was dismissed because the motion for new trial raising this issue had been untimely filed. *See id.* at \*2. The Petitioner did not seek permission to appeal to the Tennessee Supreme Court in accordance with Tennessee Rule of Appellate Procedure 11.

The pro se Petitioner initially transmitted the instant petition for post-conviction relief to the Knox County Criminal Court Clerk's Office on February 21, 2025, via the appropriate prison authorities. *See generally* Tenn. R. Crim. P. 49(d)(1) (noting the procedure for incarcerated pro se petitioners to timely file pleadings, commonly referred to as "the prison mailbox rule").[1] After the petition was filed erroneously in Knox County on February 28, 2025, the Knox County Criminal Court Clerk sent a letter to the Petitioner notifying him that the petition had been filed in the wrong jurisdiction and that he needed to file the petition in the county of conviction. The petition was thereafter transmitted to the appropriate office, where it was filed by the Johnson County Clerk's Office and provided to the post-conviction court on March 21, 2025.

In this petition, the Petitioner claimed that he was actually innocent of the victim's murder because law enforcement, as recently as 2024, "still classified the case as one of [a] missing person" and not a homicide. He combined this factual allegation with a claim of ineffective assistance of counsel, asserting that trial counsel "should have investigated and secured the actual innocence evidence in an effort to prove [the Petitioner's] innocence." He stated that he "was prejudiced because he was unable to present his actual innocence claim and because he was convicted for murder on [a] missing person . . . not confirmed as a dead person, yet." He also alleged that his trial counsel had been ineffective in several additional respects throughout the proceedings in the trial court.

As to the post-conviction one-year statute of limitations, the Petitioner asserted that his petition, sent on February 21, 2025, was timely filed. Initially, the Petitioner asserted that his petition was "filed within one (1) year from the final action of the direct appeal," noting his belief that "[t]he TN Supreme Court [was] still reviewing [his] Rule-11 Application for permission to appeal." The Petitioner then presented a secondary argument for timeliness:

> If Petitioner's Appellate Counsel did not file Petitioner's Rule 11
> Application with the TN Supreme Court, in [the] alternative[]; the TN Court

---

[1] The certificate of service indicates that the Petitioner left the petition with the appropriate institutional staff on January 21, 2025. However, it is clear from the other dates provided in the petition, including the notary public's jurat, that it was in fact provided to the appropriate prison authorities on February 21, 2025, and that the notation of January 21, 2025, amounts to a typographical error.

of Criminal Appeals denied Petitioner's appeal on [December 11, 2023], the 90 days grace period within which to file the Writ of Certiorari with the United States Supreme Court started on [December 12, 2023] and ended on [March 12, 2024]. Petitioner's one (1) year Statute of Limitations started on [March 13, 2024] and will end on [March 12, 2025].

Therefore, [the] current Petition is timely filed on [February 21, 2025].

The Petitioner did not attach any supporting affidavits or other exhibits to his petition.

The post-conviction court entered an order on April 25, 2025, summarily dismissing the petition as untimely. In its order, the post-conviction court noted that the Petitioner had incorrectly stated the method by which to calculate the statute of limitations for his post-conviction petition. According to the post-conviction court, under the correct calculation method, his post-conviction petition was required to be filed "no later than one year from" the filing date of this court's opinion in the Petitioner's direct appeal, which was December 11, 2023, as no application was made thereafter for permission to appeal to the Tennessee Supreme Court, but the Petitioner failed to meet this deadline. The post-conviction court further found that the Petitioner failed to allege that any statutory exceptions to the statute of limitations were applicable to his case, *see* Tennessee Code Annotated section 40-30-102(b), nor did the Petitioner allege that due process tolling was warranted in his case. Thus, the post-conviction court determined that dismissal was appropriate under the Post-Conviction Procedure Act.

The Petitioner filed a timely notice of appeal.

## II.    ANALYSIS

On appeal, the Petitioner continues to assert that his petition was timely based upon the "grace period" within which he had the opportunity to file an application for a writ of certiorari with the United States Supreme Court, or, in the alternative, that he is entitled to the statutory actual innocence exception to the one-year statute of limitations, as well as due process tolling based upon attorney misconduct. The State responds that the post-conviction court properly dismissed the petition as untimely. We agree with the State.

Generally, a post-conviction petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or

- 3 -

consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a). The statute provides that the limitations period "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.* Failure to file within the limitations period removes the case from the court's jurisdiction. *Id.* at § -102(b). "Given the post-conviction statute's language conferring jurisdictional import to the timely filing of a petition, it is essential that the question of timeliness be resolved before any adjudication on the merits of the petitioner's claims may properly occur." *Saulsberry v. State*, No. W2002-02538-CCA-R3-PC, 2004 WL 239767, at *1 (Tenn. Crim. App. Feb. 9, 2004). Furthermore, Code section -106 provides that "[i]f it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(b).

The limitations period has three statutory exceptions for certain claims involving: new constitutional rights that were not recognized as existing at the time of trial, if retrospective application is required; new scientific evidence that the petitioner is actually innocent of the offenses; or sentences enhanced by subsequently overturned convictions. *Id.* § -102(b). However, "application of the statute must not deny a petitioner a reasonable opportunity to raise a claim in a meaningful time and manner." *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000); *see also Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). Apart from these narrow statutory exceptions, principles of due process may also allow for the tolling of the statute of limitations in limited circumstances. *See Seals*, 23 S.W.3d at 279. In *State v. Whitehead*, our supreme court identified three circumstances that allow for equitable tolling, only one of which is presented here: when attorney misconduct or abandonment necessitates the tolling of the statute of limitations. 402 S.W.3d 615, 623-26 (Tenn. 2013). To succeed upon such a claim, a petitioner must allege facts within the petition that show "(1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Id.* at 631.

"[T]he petitioner bears the burden of pleading and proving that the statute of limitations should be tolled." *Anderson v. State*, 692 S.W.3d 94, 104 (Tenn. Crim. App. 2023) (citing Tenn. Sup. Ct. R. 28, § 5(F)(4)). The question of whether the post-conviction statute of limitations should be tolled is a mixed question of law and fact and is subject to de novo review on appeal. *Bush v. State*, 428 S.W.3d 1, 16 (Tenn. 2014) (citing *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011)).

The Petitioner's principal contention as to timeliness is that the "grace period" he relies upon—the time for filing an application for a writ of certiorari with the United States

- 4 -

Supreme Court—acts as an extension of the statute of limitations in the Tennessee state post-conviction context. As a general matter, the Post-Conviction Procedure Act bars consideration of a petition that is filed more than one year after "the date of the final action of the highest state appellate court *to which an appeal is taken*" or after the judgment becomes final. Tenn. Code Ann. § 40-30-102(a) (emphasis added). Thus, in the case at bar, the Petitioner's timeliness argument fails for two reasons.

First, no further appellate action was taken following this court's December 11, 2023 direct appeal opinion, either in the form of a Rule 11 application to the Tennessee Supreme Court or an application for a writ of certiorari. The statute of limitations runs from the decision of the state appellate court to which an appeal is *actually* taken, not merely the period during which an appeal *could have* been taken to any appellate court. *See Williams v. State*, 44 S.W.3d 464, 471 (Tenn. 2001) (noting that the post-conviction statute of limitations period commenced upon the filing of the Court of Criminal Appeals opinion and could not be delayed absent a timely Rule 11 application to continue the appeals process to a higher state appellate court); *State v. Whitehead*, No. W2008-00815-CCA-R3-PC, 2009 WL 723849, at *1-2 (Tenn. Crim. App. Mar. 19, 2009) (concluding that a post-conviction petition filed outside of one year from the date of the final action taken by the Tennessee Supreme Court was untimely even when the petitioner's application for a writ of certiorari was pending with the United States Supreme Court).

Second, even if the Petitioner had filed an application for a writ of certiorari with the United States Supreme Court, it would not toll the statute of limitations because such application does not involve a *state* appellate court as contemplated by the statute. *See* Tenn. Code Ann. § 40-30-102(a) ("[A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest *state* appellate court to which an appeal is taken." (emphasis added)); *Whitehead*, 2009 WL 723849, at *3-4 (noting that it was "clearly incorrect" to assert that the post-conviction statute of limitations began running from the time the United States Supreme Court denied certiorari). Accordingly, to be considered timely, the Petitioner's post-conviction petition must have been filed no later than December 11, 2024; because his petition was not delivered to the appropriate prison authorities for filing until February 21, 2025, it was untimely on its face. *See* Tenn. R. Crim. P. 49(d)(1).

Regarding the Petitioner's claim of applicable exceptions to the one-year statute of limitations, the post-conviction court determined that the Petitioner had failed to allege any grounds for tolling of his petition, either statutory or due process in nature. As noted above, there is a statutory exception to the limitations period for claims involving "*new scientific*

*evidence* establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted[.]" Tenn. Code Ann. § 40-30-102(b)(2) (emphasis added). On appeal, the Petitioner specifically argues that he is entitled to statutory tolling because of his "claim of actual innocence and the authorities' classification of the victim as a missing person." His argument in this regard focuses on the *absence* of evidence, namely the victim's body. Although the Petitioner did seemingly make a claim of actual innocence in his petition based upon the classification of the victim as "a missing person," he did so only in the context of an ineffective assistance of counsel claim, and he in no way correlated this argument to his attestations regarding timeliness. Additionally, the Petitioner did not allege that "new scientific evidence" forms the basis of this claim, making it improperly raised in this petition. *See id.*; *see also Cribbs v. State*, W2006-01381-CCA-R3-PD, 2009 WL 1905454, at *35 (Tenn. Crim. App. July 1, 2009) ("A post-conviction proceeding is not the proper avenue in which to seek relief based upon non-scientific evidence establishing actual innocence.").

As for due process tolling, the Petitioner makes a broad claim on appeal of attorney misconduct, stating that he was abandoned by appellate counsel following his direct appeal. As noted above, due process tolling is available when attorney misconduct or abandonment forecloses a petitioner's opportunity to act. *See Whitehead*, 402 S.W.3d at 623-26. In addressing the timeliness of his petition, the Petitioner indicated therein his uncertainty about whether counsel was pursuing a Rule 11 application to the Tennessee Supreme Court and that he was filing this post-conviction petition as an alternative basis for relief if such were not the case. However, the petition itself contained no factual assertions regarding the Petitioner's communication with counsel, nor any attempts or lack thereof, during this period, or upon what he based his belief that counsel had or had not filed a Rule 11 application on his behalf. Granting the pro se Petitioner some leeway, even if the Petitioner had specifically requested due process tolling of the statute of limitations due to attorney misconduct in his petition,[2] he failed to allege sufficient facts to support such a claim. We cannot conclude from even the most generous reading of his petition that the Petitioner was diligently pursuing his rights during this time or that any extraordinary circumstances stood in the Petitioner's way to prevent him from timely filing his petition within the one-year period. *See Whitehead*, 402 S.W.3d at 631.

Because the petition was untimely on its face and the Petitioner has failed to sufficiently allege any statutory exception or due process basis to toll the statute of limitations, the post-conviction court lacked jurisdiction to consider the Petitioner's claims

---

[2] Additional facts alleged by the Petitioner for the first time on appeal will not be considered by this court. *See* Tenn. R. App. P. 36(a) ("[R]elief may not be granted in contravention of the province of the trier of fact.").

on the merits.  Accordingly, the post-conviction court properly dismissed the petition without appointing counsel or conducting a hearing.

### III.    CONCLUSION

Based upon the foregoing and consideration of the record as a whole, we affirm the judgment of the post-conviction court.

 s/ Kyle A. Hixson
KYLE A. HIXSON, JUDGE